JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # 21005-081 | CASE NUMBER |
|---|---|
| Michael Montgomery | 5:20-CV-00688-MWF(SP) |
| PLAINTIFF(S) | |
| v. | ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |
| Employees of Victorville California USP | |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____       _____
Date                                                        United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☒ Inadequate showing of indigency.
- ☒ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☒ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☒ District Court lacks jurisdiction.
- ☒ Other  No IFP application filed

- ☐ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached page

April 7, 2020
Date                                                        United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

- ☒ **DENIED,** and this case is hereby DISMISSED WITHOUT PREJUDICE immediately.

- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

April 7, 2020
Date                                                        United States District Judge

CV-73P (08/16)               ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

ATTACHMENT TO ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

      Michael Montgomery, who has been docketed as the plaintiff in this case, has submitted a letter to the Court, which has been filed as a purported civil rights complaint. But it is not in fact a complaint. It is a letter asking for an extension of time to file a civil rights complaint. Plaintiff implies, although does not say, that he believes his complaint will be untimely under the applicable statute of limitations if it is not filed soon.

      Plaintiff has not paid the filing fee and has not submitted a request to proceed without prepayment of filing fees or in forma pauperis ("IFP"). Without an IFP request, a certified copy of a trust fund statement, and authorization to make disbursements from his prison trust account to pay the filing fee, IFP status cannot be granted. If this were the only defect, the Court would grant plaintiff time to submit an IFP application; however, the relief plaintiff seeks cannot be granted in any event.

      Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. *See Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). Because plaintiff has not actually filed a civil rights complaint, there is no case or controversy properly before this Court. This Court therefore lacks jurisdiction to grant a motion to extend plaintiff's time to file a complaint, or to otherwise decide the timeliness of some such potential future complaint. *See U.S. v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims); *McDade v. Warden*, 2010 WL 4795377, at *1 (C.D. Cal. 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of § 2254 petition); *see also Calderon v. Ashmus,* 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions).